# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Conroy v. City of Pittston, Appellant.

*Negligence—Municipality—Defect in street—Pleading—Statement of claim—Allegata and probata.*

In an action against a city to recover damages for injuries sustained by the plaintiff by stepping into an open sluiceway in a passageway from the end of a sidewalk to a bridge, it appeared that from the end of the sidewalk to the bridge was a hand rail, and that anyone walking over the passageway at night and guided by the hand rail was in danger of stepping into the sluiceway. Plaintiff's statement averred that at a point where a street crossed a stream by means of a wooden bridge, the defendant had permitted to remain for several weeks "an unguarded opening or depression between the earthen part of the highway and the bridge plank." *Held,* that there was no variance between the allegations and the proofs, and that the plaintiff was entitled to recover.

Argued April 15, 1908. Appeal, No. 84, Jan. T., 1908, by defendant, from judgment of C. P. Luzerne Co., March T., 1905, No. 286, on verdict for plaintiff in case of Peter Conroy v. City of Pittston. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LYNCH, P. J.

The facts are stated in the opinion of the Supreme Court.

The locality of the accident appears from the following drawings:

.Defendant presented this point:

6. The declaration in this case alleges the defect in the highway to have been an unguarded opening between the earthen part of the highway and the bridge planking. The proof in this case is that a sluiceway eleven inches wide and nine and three-quarters inches deep extended from the end of the bridge

into a paved gutter ten inches, the paving extending on three sides of the sluiceway. There is no evidence of an unguarded opening or depression between the earthen part of the highway and the bridge planking. Therefore, the verdict must be for the defendant; the answer of the court being:

Denied without reading to the jury. [1]

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* were (1) in denying point as above and (5) in refusing binding instructions for defendant.

*S. J. Strauss*, with him *George F. O'Brien*, for appellant.

*James L. Lenahan*, with him *Frank A. Battle*, *Edward A. Lynch* and *John T. Lenahan*, for appellee.

Opinion by Mr. Justice Fell, June 2, 1908:

It appeared from the plaintiff's testimony that he was injured by stepping into an open box or sluiceway constructed at the side of a city street and in a passageway provided from the end of a sidewalk to a bridge. The street was unpaved except for the space of five feet at the gutter at one side between the roadway and the footwalk. The bridge was of the width of the roadway only, and to prevent pedestrians from stepping off the end of the sidewalk into the stream there was a hand rail that extended diagonally from the outside of the sidewalk to the bridge. The sluiceway was eleven inches wide, ten inches deep, and extended from the bridge ten inches into the gutter, and was directly in the line in which travel was directed by the hand rail. It was not a gutter at a crossing where a break in the continuity of the pavement might be expected, but a hole in the footwalk provided, into which anyone directed by the hand rail was in danger of stepping. The plaintiff had no knowledge of the sluiceway and stepped into it late on a stormy night when the ground was covered with snow and he was following the course indicated by the hand rail. The case made out by him was clearly for the jury.

The main contention of the appellant is that a verdict should have been directed against the plaintiff because of a variance

between his allegations and his proofs. The negligence alleged in the plaintiff's statement was that at a point where a street crossed a stream by means of a wooden bridge, the defendant had permitted to remain for several weeks " an unguarded opening or depression between the earthen part of the high-way and the bridge planking." It is argued that the sluice-way was a part of a special construction for the drainage of the street and not in a fair sense of the words " an unguarded opening or depression," and that since it was surrounded by the stone pavement of the gutter it was not "between the earthen part of the highway and the bridge planking." This contention cannot be sustained. The defect in the street proved was substantially that described in the statement.

The judgment is affirmed.